```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**ANTHONY ADKINS,**

    **Plaintiff,**

**v.**                         **CASE NO. 2:10-cv-00226**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge.

Plaintiff, Anthony Adkins (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on August 30, 2007, alleging disability as of July 1, 2002, due to diabetes, post traumatic stress disorder and panic attacks. (Tr. at 113-16, 120-22, 140.) The claims were denied initially and upon reconsideration. (Tr. at 63-67, 68-72, 77-79, 80-82.) Claimant requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on December 9, 2008, before the Honorable John W. Rolph. (Tr. at 21-57.) By decision dated January 28, 2009, the

ALJ determined that Claimant was not entitled to benefits. (Tr. at 8-20.) The ALJ's decision became the final decision of the Commissioner on January 13, 2010, when the Appeals Council denied Claimant's request for review. (Tr. at 1-4.) On March 4, 2010, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2009). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment

meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  Id. §§ 404.1520(d), 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  Id. §§ 404.1520(e), 416.920(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f) (2009).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 10.)  Under the second inquiry, the ALJ found that since his date

last insured for DIB purposes, Claimant has the following medically determinable impairments, borderline intellectual functioning, panic disorder without agoraphobia and generalized anxiety disorder.  Only Claimant's borderline intellectual functioning is a severe impairment.  (Tr. at 10-11.)  For purposes of SSI, the ALJ found that Claimant has the medically determinable impairments of type II diabetes mellitus, bilateral ankle/foot pain syndrome, borderline intellectual functioning and a combination of psychological symptoms variously diagnosed as major depressive disorder, generalized anxiety disorder, panic disorder without agoraphobia and posttraumatic stress disorder, of which only borderline intellectual functioning is a severe impairment.  (Tr. at 12.)  At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1.  (Tr. at 15.)  The ALJ then found that Claimant has a residual functional capacity for all exertional levels, reduced by nonexertional limitations of a sit/stand option at will; a need to avoid exposure to hazards; an ability to perform simple routine, repetitive tasks involving only simple, work-related decisions; and only occasional interaction with co-workers and the public.  (Tr. at 16.)  As a result, Claimant cannot return to his past relevant work.  (Tr. at 18.)  Nevertheless, the ALJ concluded that Claimant could perform assembly jobs, which exist in significant numbers in the national economy.  (Tr. at 19.)  On this

basis, benefits were denied. (Tr. at 20.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was forty-five years old at the time of the administrative hearing. (Tr. at 26.) Claimant testified that he

received special education and completed the eleventh grade. (Tr. at 26.)  He testified that his reading ability was "all right." (Tr. at 26.)  In the past, he worked in auto body repair. (Tr. at 27.)

<u>The Medical Record</u>

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because Claimant meets Listing 12.05C.  Claimant asserts that he was in special education in school, that his lowest IQ score is 69 and that he has a severe impairment resulting in a reduction in his residual functional capacity.  (Pl.'s Br. at 1-4.)  Nevertheless, Claimant complains that the ALJ did not address Listing 12.05C and instead, only addressed Listing 12.05D.  (Pl.'s Br. at 2.)

In response, the Commissioner argues that substantial evidence supports the Commissioner's finding that Claimant's impairment did not meet Listing 12.05C.

In order to meet the criteria of Listing 12.05C, the regulations require that Claimant must meet the introductory language of Listing 12.05C, which states that "[m]ental retardation refers to significantly subaverage general intellectual functioning

with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05 (2009); see also § 12.00A (stating that for Listing 12.05, claimants must satisfy the diagnostic description in the introductory paragraph and any one of the four sets of criteria). Listing 12.05C also requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05C (2009).

Mental retardation is a life long condition and "in the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ had remained relatively constant." Luckey v. United States Dep't of Health & Human Servs., 890 F.2d 666, 668 (4th Cir. 1989) (citing Branham v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985)).

In Luckey, the Fourth Circuit held that a claimant's additional "severe" impairment qualifies as a significant work-related limitation for the purpose of listing § 12.05C. Id. at 669. A "severe" impairment is one "which significantly limits [one's] ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c) (2009). In Luckey, the Court ruled that

> Luckey's inability to perform his prior relevant work alone established the significant work-related limitation

> of function requirement of § 12.05C. Further, the [Commissioner] has defined a severe impairment or combination of impairments as those which significantly limit an individual's physical or mental ability to do basic work activities. The [Commissioner's] finding that Luckey suffers from a severe combination of impairments also establishes the second prong of § 12.05C.

Luckey, 890 F.2d at 669.

The court finds that substantial evidence supports the ALJ's finding that Claimant did not meet or medically equal Listing 12.05. (Tr. at 13.) As Claimant points out, the ALJ discussed in detail, Listing 12.05D, requiring an IQ of 60 to 70 and two marked impairments in functioning, but did not discuss Listing 12.05C. Nevertheless, substantial evidence of record supports the ALJ's determination that Claimant did not meet Listing 12.05, including Listing 12.05C in particular.

Claimant had a valid IQ score of 69 and was unable to return to his prior work and thus, met a portion of 12.05C. However, the substantial evidence of record does not indicate that Claimant had mental retardation with significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period before age 22.

Claimant received average to below average and failing grades in school and eventually dropped out after completing the eleventh grade. (Tr. at 209-12.) In the tenth grade, Claimant was administered the WISC-R and received borderline to low average scores. It was recommended that he receive services in the

resource room program during the tenth grade. (Tr. at 212.) While Claimant had a valid IQ score of 69 on the WAIS-III based on testing by Sally Sowell, M.A. performed at the request of the State agency on March 5, 2008, she diagnosed Claimant with borderline intellectual functioning, not mild mental retardation. (Tr. at 257, 258.) The State agency medical sources who evaluated this evidence determined that Claimant's mental impairments, including borderline intellectual functioning, were not severe. (Tr. at 274-85.)

At the administrative hearing, Claimant testified that he could read "all right." (Tr. at 29.) In fact, Claimant completed forms in connection with his application on his own and had recently applied for jobs. (Tr. at 152-59, 40-41.)

The substantial evidence of record indicates that while Claimant's recent IQ score falls within the range required for Listing 12.05C, Claimant does not meet the introductory language of Listing 12.05C in that the substantial evidence of record, Claimant's school records, the medical evidence of record and his own testimony, does not support a finding that Claimant had mental retardation with significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period before age 22. Instead, the evidence indicates that Claimant had borderline intellectual functioning, an impairment fully accounted for in the ALJ's

9

decision. The ALJ's determination that Claimant did not meet Listing 12.05, while it could have been more thorough as to Listing 12.05C, is supported by substantial evidence.

After a careful consideration of the evidence of record, the court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is AFFIRMED and this matter is DISMISSED from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: February 8, 2011

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge